PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO.

(Circuit Court, S. D. New York. November 27, 1908.)

STREET RAILROADS (§ 58*)—INSOLVENCY PROCEEDINGS—PROOF OF CLAIMS.

The special master, in suits against an insolvent street railroad company, directed to require claimants who have filed claims against the company, but have been dilatory in their prosecution, to present their proofs within a time to be fixed by him, under penalty of their disallowance for lack of proof.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 58.*]

In Equity. Suit by the Pennsylvania Steel Company and another against the New York City Railway Company. Directions to special master respecting proof of claims.

See, also, 171 Fed. 1019.

Byrne & Cutcheon, for complainant.

James L. Quackenbush, for defendant.

Dexter, Osborn & Fleming, for receiver of New York City Ry. Co.

LACOMBE, Circuit Judge. From a return recently made to the court by the auditor of receivers, it appears that there are a number of claims against the New York City Railway Company, filed long ago with the special master, which have not yet been proved or passed upon. Abundant time has elapsed for the claimants to support their claims by proof, if such claims are substantial, and not mere visionary speculations. It is important to have the liquidation completed as soon as possible.

The special master will, therefore, notify all who are delinquent in proving their claims to appear before him, will hear what they have to say, and will fix definite dates in each case within which claimant's proofs must be completed, giving due allowance to the circumstances that they have had much more than a year to gather the evidence, if they have any, to support them. If any one fails to support his claim by proof sufficient to make out a prima facie case within the time limited, the special master will disallow it for lack of proof, and if the claimant is dissatisfied at being required to try his case he may appeal. Hundreds of claims have been proved and liquidated before the special master—the total amount is over $3,000,000—which presumably are substantial; otherwise, the master would not have

passed them.  It is not right that complete liquidation should be delayed because others, whose claims are apparently not susceptible of ready proof, choose to be dilatory in gathering evidence which they hope to be persuasive to a conclusion in favor of the high figures at which they place their damages.

The same special master has before him other claims against the receivers, presented by lessor roads which have taken back their property.  These roads are Third Avenue, Fifty-Ninth Street, Crosstown, and Second Avenue.  The claims are, generally, for use and occupation by receivers, and for personal property which it is claimed should have been returned or accounted for.  It is over a year since the last of these roads was taken out of the Metropolitan System, and it would seem that with reasonable diligence each claimant might have completed its prima facie case long ago.  The special master will take the same action in these three cases, as is indicated above as to claims against New York City Railway Company, and in each case will fix a date by which prima facie proof shall be completed or the claim thrown out for failure to support it by persuasive evidence.

It is suggested to all parties in interest, all claimants and their respective counsel, that the court does not regard the receivership of this group of roads as perennial.  The Supreme Court has indicated that judicial administration should cease at the earliest possible moment.  In re Reisenberg, 208 U. S. 90, 28 Sup. Ct. 219, 52 L. Ed. 403.  While it is appreciated that there are many complicated questions involved in the final adjustment of the equities between all parties, it is believed that the liquidation of the various separate claims above referred to is a matter susceptible of determination within a reasonable time; indeed, the court is inclined to believe that sufficient time has already elapsed to secure such determination, had the claimants been reasonably diligent.